**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Maria Tellado, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  10 C 2255 |
| | ) | |
| Creditors Interchange Receivable | ) | |
| Management, LLC, and LVNV Funding, | ) | |
| LLC, both of which are Delaware limited | ) | |
| liability companies, | ) | |
| | ) | |
| Defendants. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Maria Tellado, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

## PARTIES

3.     Plaintiff, Maria Tellado ("Tellado"), is a citizen of the State of Massachusetts, from whom Defendants attempted to collect a delinquent consumer debt owed for a Sears/Citibank credit card, despite the fact that she was represented by

the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant Creditors Interchange Receivable Management, LLC ("CIRM"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. CIRM operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant CIRM is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant CIRM does business in Illinois by collecting debts from thousands of Illinois consumers.

6. Moreover, Defendant CIRM is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant CIRM acts as a collection agency in Illinois.

7. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts throughout the State of Illinois and throughout the Northern District of Illinois. In fact, LVNV was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Tellado.

8. Defendant LVNV is a bad debt buyer, which specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of

2

which debts it then attempts to collect. Accordingly, LVNV operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

9. Defendant LVNV is licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State, attached as Exhibit C. In fact, LVNV conducts business in Illinois.

10. Defendant LVNV is licensed as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation, attached as Exhibit D. In fact, Defendant LVNV acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

11. Ms. Tellado is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Sears/Citibank credit card. At some point in time, Defendant LVNV bought that debt after it was in default. When Defendants began trying to collect the Sears/Citibank debt from Ms. Tellado, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

12. On January 27, 2010, one of Ms. Tellado's attorneys at LASPD informed Defendants, in writing, that Ms. Tellado was represented by counsel, and directed them to cease contacting her, and to cease all further collection activities because Ms. Tellado was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Nonetheless, Defendant sent a collection letter, dated February 11, 2010, directly to Ms. Tellado, to demand payment of the Sears/Citibank debt. A copy of this

3

letter is attached as Exhibit F. Additionally, Defendants have repeatedly called Ms.

Tellado -- after notice that she was represented, that she refused to pay the debt, and

that Defendant should cease communications and cease collections -- on a near daily

basis to demand payment of the Sears/Citibank debt, including, but not limited to, a call

on March 12, 2010 from phone number 866-614-7500.

14.     Accordingly, on March 16, 2010, Ms. Tellado's LASPD attorney had to

send Defendants another letter, directing them to cease communications and to cease

collections.  Copies of this letter and fax confirmation are attached as Exhibit G.

15.     All of Defendants' collection actions complained of herein occurred within

one year of the date of this Complaint.

16.     Defendants' collection communications are to be interpreted under the

"unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership,

27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17.     Plaintiff adopts and realleges ¶¶ 1-16.

18.     Section 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay.  See, 15 U.S.C. § 1692c(c).

19.     Here, the letter from Ms. Tellado's attorney, LASPD, told Defendants to

cease communications and cease collections (Exhibit E).  By continuing to

communicate regarding this debt and demanding payment, Defendants violated

4

§ 1692c(c) of the FDCPA.

20.    Defendants' violations of § 1692c(c) of the FDCPA render it liable for

statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

21.    Plaintiff adopts and realleges ¶¶ 1-16.

22.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can

readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

23.    Defendants knew that Ms. Tellado was represented by counsel in

connection with her debts because her attorneys at LASPD had informed Defendants,

in writing (Exhibit E), that she was represented by counsel, and had directed

Defendants to cease directly communicating with Ms. Tellado.  By directly sending Ms.

Tellado the collection letter (Exhibit F) and directly calling Ms. Tellado, despite being

advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the

FDCPA.

24.    Defendants' violation of § 1692c(a)(2) of the FDCPA render it liable for

statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Maria Tellado, prays that this Court:

1.    Find that Defendants' debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiff Tellado, and against Defendants, for

5

6

statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of

the FDCPA; and,

    3.      Grant such further relief as deemed just.

**JURY DEMAND**

    Plaintiff, Maria Tellado, demands trial by jury.

                    Maria Tellado,

                    By: /s/ David J. Philipps_____
                    One of Plaintiff's Attorneys

Dated:  April 13, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com